IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL D. STEVENSON,               ) | No. C 11-1608 LHK (PR) |
|                                  ) | |
| Petitioner,              ) | ORDER OF DISMISSAL |
|                                  ) | |
| v.                               ) | |
|                                  ) | |
| WARDEN A. HEDGPETH,              ) | |
|                                  ) | |
| Respondent.              ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 24, 2011, the Court dismissed the petition with leave to amend, noting several deficiencies within the petition that prevented this action from proceeding. On June 28, 2011, Petitioner filed an amended petition, as directed. For the reasons that follow, the Court will DISMISS the instant petition.

**DISCUSSION**

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

Order of Dismissal
P:\PRO-SE\SJ.LHK\HC.11\Stevenson608dis.wpd

1   A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

Upon review of Petitioner's original petition, the Court noted that Petitioner appeared to be challenging a decision by the Board of Parole Hearings ("Board"), and raising a claim of ineffective assistance of counsel. However, the Court could not determine the exact parameters of Petitioner's claims, and dismissed the petition with leave to amend. The Court informed Petitioner that, in his amended petition, he must "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." The Court further instructed that, "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. *See Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970)." Finally, the Court advised Petitioner that due process challenges to the denial of his parole were limited to a determination of whether Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam).

In Petitioner's amended petition, he raises a claim of ineffective assistance of counsel. However, he lacks supporting facts. Specifically, he states, "I wrote letters to my assigned attorney Chris O'Hara and CA Board of Parole in regards to key issues of the case I was convicted for to be addressed during May 2009 Board hearing! This violated the/my Sixth, Fourteenth Amendment of the United States Constitution. Right to Adequate and Effective Counsel and discrimination!" It appears Petitioner is alleging that appointed counsel failed to present certain facts and evidence at the parole suitability hearing that Petitioner wished to be presented. There is no clearly established right to counsel at parole suitability hearings. The United States Supreme Court has adopted a case-by-case approach to whether the state is under a constitutional duty to provide appointed counsel in probation or parole revocation hearings.

1  *Gagnon v. Scarpelli*, 411 U.S. 778, 788-90 (1973) (finding "no justification for a new inflexible
2  constitutional rule with respect to the requirement of counsel" for probationers or parolees); *see*
3  *also Dorado v. Kerr*, 454 F.2d 892, 897 (9th Cir. 1972) (due process does not entitle California
4  state prisoners to counsel at hearings to determine the length of imprisonment and to grant or
5  deny parole); *Troxell v. Horel*, No. 07-1583 TEH (PR), 2009 WL 4885213, *7-8 (N.D. Cal. Dec.
6  17, 2009) (concluding there is no "clearly established" Supreme Court precedent of a
7  constitutional right to counsel in parole suitability hearings, and therefore, habeas relief is
8  unavailable for alleged violation of such a right with regard to representation at petitioner's
9  parole hearing).  Since Petitioner was not constitutionally entitled to an attorney at his parole
10 hearing, he was not entitled to effective assistance of counsel with respect to his May 2009
11 hearing.  Accordingly, this claim must be DISMISSED.
12     In Petitioner's second claim, he appears to claim that the Board relied on improper
13 evidence in violation of his right to due process.  However, as this Court stated to Petitioner in
14 its previous order, challenges to the denial of his parole are limited to a determination of whether
15 Petitioner was given an opportunity to be heard, and given a statement of reasons for the denial.
16 *Cooke*, 131 S. Ct. at 862.  Petitioner does not allege that he was denied an opportunity to be
17 heard, nor does he allege that he did not receive a statement of reasons for the denial.
18 Accordingly, this claim is DISMISSED.
19     In Petitioner's final claim, he merely states "tort claim (for unlawfully
20 imprisonment/being detained," and in support of this claim, he cites several constitutional
21 amendments.  Petitioner had already been put on notice that conclusory allegations would fail to
22 state a claim.  Accordingly, this claim is DISMISSED.
23     Although a petitioner ordinarily should be given leave to amend his petition, the Court
24 already dismissed the petition once with leave to amend, and directed Petitioner to cure the
25 deficiencies outlined in the Court's previous order.  Petitioner's amended petition failed to do so.
26 Because Petitioner fails to state a cognizable claim even after given an opportunity to amend his
27 petition, the Court concludes that a second opportunity to amend would be futile. *See Janicki*
28 *Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave to amend should not be granted

Order of Dismissal
P:\PRO-SE\SJ.LHK\HC.11\Stevenson608dis.wpd        3

1 where amendment constitutes an exercise in futility).

## CONCLUSION

This action is DISMISSED for failure to state a claim.  The Clerk shall close the case.

Petitioner has failed to make a substantial showing that his claim amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The Clerk shall close the case.

IT IS SO ORDERED.

DATED:   7/29/11

LUCY H. KOH
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.LHK\HC.11\Stevenson608dis.wpd          4